**W. Gale WILLIS, dba Willis Sales Co.,**
**Plaintiff–Appellant,**

v.

**CHAMPLAIN CABLE CORPORATION,**
**Defendant–Appellee.**

No. 85–4175.

United States Court of Appeals,
Ninth Circuit.

Argued July 7, 1986.

Certified to Washington State
Supreme Court Oct. 15, 1986.

Resubmitted March 4, 1988.

Decided March 28, 1988.

**1140**

Sheryl K. Peterson, James J. Ragen, Hillis, Cairncross, Clark & Martin, Seattle, Wash., for plaintiff-appellant.

Pamela Grace Rapp, Gary J. Strauss and Barbara L. Holland, Garvey, Schubert, Adams & Barer, Seattle, Wash., for defendant-appellee.

Before TANG, PREGERSON and ALARCON, Circuit Judges.

**PER CURIAM:**

Plaintiff Willis appeals from the district court's grant of summary judgment in favor of defendant Champlain Cable Corporation (Champlain). Willis, employed as a manufacturer's representative by Champlain's predecessor, Haveg Industries, Inc., was terminated under the terms of an employment contract in September of 1976. It was clear under the contract that Willis was entitled to commissions on sales accepted up to and including the effective date of his termination. This claim, however, pertained to commissions on sales executed after his termination. He contends he was the procuring cause of those sales and that he was terminated in bad faith. Willis argues that a sales agent whose agency contract is terminated in bad faith may recover commissions on agent procured post-termination sales even if that recovery contradicts the terms of the employment contract.

Resolution of this case turned upon issues of Washington law as to which there were substantial grounds for difference of opinion. We therefore certified the question whether Washington state law implied a covenant of good faith and fair dealing that prohibits the principal in a sales agent's contract from terminating the agent solely for the purpose of depriving the agent of commissions, assuming the commissions have been earned. Wash.Rev. Code Ann. § 2.60.030 and Wash.R.App.P. 16.16. The Washington Supreme Court stated the question and its answer as follows:

> If an employer, acting in accordance with the terms of the employment contract, terminates an employee's employment, does a cause of action nevertheless lie against the employer for recovery of sales commissions if the employee is able to establish that the employer was motivated by "bad faith"?

. . . . .

We answer this question in the negative.

*Willis v. Champlain Cable Corp.* (1988), 109 Wash.2d 747, 748 P.2d 621, 624. The Washington court declined to apply the covenant of good faith and fair dealing to alter the express contract provisions. Moreover, the court held that under Washington law neither the Restatement (Second) of Agency § 454 nor the procuring cause rule applies where, as here, a written agency contract unambiguously provides for termination without cause and limits commissions upon termination. *Id.* at 625.

Accordingly, the judgment of the district court is hereby AFFIRMED. Each party shall bear its own costs on appeal.

AFFIRMED.